**UNITED STATES BANKKRUPCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**
-----------------------------------------------------------------X
**In Re:**                                                      **Case No. 19-32984-JKS**

      **Alexander Haselkorn,**

         **Debtor,**

----------------------------------------------------------------X   **Adversary No. 20-01405-JKS**
                 **(Before Hon. John K. Sherwood)**

      **Alexander Haselkorn,**
               **Plaintiff,**
        **v.**

      **David Safir, DLS Billing and**
      **Consulting Corp**
      **John Does 1-5,**
               **Defendants.**
-----------------------------------------------------------------X

**Declaration pursuant to D.N.J. LBR 7007-1, in support of the Motion to Dismiss etc.**

I, Karamvir Dahiya, the undersigned counsel awaiting *pro hac vice* admission respectfully submit

the following in support of the within motion to dismiss along with other ancillary reliefs:

   1.  I represent David Safir and DLS Billing Consulting Corp (the "Defendants") in this

 adversary proceeding.

   2.  The issues raised and facts asserted are borne from my extensive discussion with Mr.

 Safir, public documents and other paperwork provided by Mr. Safir.

   3.  This complaint is not dismissible *suo motu,* once the court take judicial notice of the

Paperwork filed regarding the criminal prosecution of the plaintiff Alexander Haselkorn and his

wife Ms. Roberta Haselkorn.

   4.  As is evident from the filing in the bankruptcy court, that Mr. Haselkorn is completely

 competent to commence his Chapter 13 case and indeed his petition bears his signature. It is not

a filing by a guardian. However, based on my conversation with Mr. Safir and his state court

1

attorney, Mr. Hasekorn was not tried in criminal court because he pleaded medical infirmity, mental incapacity.  His wife has pleaded guilty to unauthorized practice of medicine. These issues raises questions of medical fitness of debtor. We have requested he be directed to produce to medical reports. If bankruitpcy rule 7035 can be used compel someone for examination, *a fortiori* that party can be compelled to produce medical prognosis showing medical disability. The adversary complaint improperly pleads that he was acquitted. Doctor Haselkorn was not acquitted. He claimed medical inability in all aspects, physical to mental.

5.   Based on the medical disability of the doctor [which we do not agree as Mr. Safir thinks Mr. Haselkorn is fit], his wife guilty plea, we have properly asserted *in pari delicto* doctrine. It is Mr. Safir who has become victim.

6.   Respectfully, this adversary complaint is premised upon an agreement to sell the accounts receivables. The governing law for the receivables as per the agreement  is New York law. We have requested venue transfer if the Court does not dismiss the complaint, as all the witness and parties are from New York. Doctors and his wife used New York as the place of business.

7.   Also, very respectfully, the defendant, Mr. Safir has pleaded to be heard by an article III court, as the issues are private rights issues.

Wherefore, we request the Court to enter necessary relief of dismissal of the Complaint.


Dated: New York NY
September 5, 2020.

/s/karamvirdahiya

_____

Karamvir Dahiya

2