# AGREEMENT
## of
## ASSIGNMENT FOR
## ACCOUNTS RECEIVABLE

This Agreement of Assignment for Accounts Receivable (this "Agreement") is made effective as of the 20th day of October 2019 between Jamaica Wellness Medical, P.C., a New York professional corporation ("**Assignor**") and, DLS Billing and Consulting Corp., a New York corporation ("**Assignee**").

### 1. ASSIGNMENT OF ACCOUNTS RECEIVABLE

Assignee agrees to purchase and Assignor agrees to sell certain assets known henceforth as Assignor's "entire accounts receivable" for services provided and outstanding for the following sum: **_TEN THOUSAND DOLLARS_** (**$10,000.00**).
The Purchase Price is inclusive of a three thousand ($3,000.00) credit due and owing to Assignee by Assignor for previous collection services rendered.

### 2. STATEMENT OF ASSIGNMENT

For value received, Assignor unconditionally sells and assigns to Assignees, as of the date of this Agreement, all of Assignor's right, title, and interest in and to the accounts, commercial paper, notes, and contracts receivable together with any security or guarantees on those items as follows: 100% to DLS Billing and Consulting Corp.

### 3. ASSIGNOR'S STATEMENT

3.1. For the express purpose of inducing Assignee, Assignee's successors, and assigns to part with their money and to purchase from Assignor, and to make payments for, the accounts described in this Agreement, Assignor warrants that the following statements are true, to Assignor's own knowledge:

*3.2. GENUINENESS OF DOCUMENTS.*
The financial statements, invoices, orders, and other documents submitted by Assignor to Assignee, together with all statements made in such documents are true and genuine.

*3.1.2. DEFINITION OF "ACCOUNTS RECEIVABLE."*
A. The services are all "medical procedures" all of which have been completed, and "billed" using appropriate CPT and ICD codes to Medical Insurers, with proper assignment of benefits by patients – and have not been paid to date. As such, these services are no longer "medical procedures" and are in-fact "monies due and owing" the Assignor, who is the provider of the services.

### 7. ESCROW ACCOUNT

Assignor and Assignee agree that all funds received from the accounts receivables described herewith, shall be deposited into a separate account maintained by the attorney for the Professional Corporation. Assignees and Assignor agree to hold "Escrowee" designee harmless for all acts except gross negligence and malfeasance. Assignor hereby agrees, guarantees and warrants that Escrowee shall issue all funds received pertaining to the accounts receivable directly to Assignee.

### 8. ASSIGNOR'S AND ASSIGNEES' RESPONSIBILITY

8.1. Assignor shall continue to provide medical interpretation, letters of medical necessity or any other medical documentation pertaining to the medical records for the accounts receivable that is necessary in collecting the said accounts receivable. Assignee shall notify the Assignor of any additional documentation necessary for proper collection proceedings within 5 business days. Assignee agrees to hold Assignor harmless of any uncollectible funds due to untimely mailings and non-medical related reasons.

8.2. Assignee shall be responsible for timely mailings with the exception of medical documentation described in paragraph in Section 8.1 and hold Assignor harmless of all denials outside of medical documentation pertaining to the accounts receivable that are the subject of this Agreement.

8.3. Assignor shall be responsible for all medical records and charts relating to medical services from which the accounts receivable arise and represents that they are accurate to the best of his knowledge.

8.4. Assignee further understand that any further costs pertaining to the accounts receivable in regards to arbitrating uncollectible funds will be the responsibility of the Assignee.

### 9. ACCOUNTS MANAGEMENT

Subject to the terms of this Agreement, Assignee shall be solely responsible for managing assigned accounts receivables.

### 10. INVALIDITY

This Agreement becomes null and void in the event that the accounts receivable will be uncollectible due to the Assignor acting not in compliance with the State of New York business law prior to this Agreement.

### 11. SOLVENCY OF ASSIGNOR AND PURCHASERS

B. Prior to the effective date of this Agreement, all services rendered in accordance with bona fide treatment schedules and orders, and not in accordance with any agreement or orders on approval.

### 3.1.3. ENCUMBRANCES ON GOODS.

A. The services have not been previously conveyed, sold, or pledged by Assignor or Assignor's representatives.

B. Title to the accounts has previously in no manner been wholly or partially transferred by Assignor for the purpose of sale, security, or otherwise.

C. No person, firm, corporation, or other entity, except Assignor, and through this assignment, Assignee, has to date acquired any lien, right, title, or claim to all or any part of the accounts described in such accounts.

## 4. PAYMENT

4.1. The Assignee has not to date paid to Assignor, or Assignor's representatives, or for Assignor's benefit, any part or all of the purchase price of the accounts receivable.

4.2. No check, note, draft, trade acceptance, bill of exchange, or other commercial paper or instrument of value, has been given to Assignor or its representatives in connection with the transactions.

## 5. ASSIGNMENT OF ACCOUNTS TO OTHERS

None of the accounts receivable owed to Assignor by any and all debtors have been sold or assigned to any other person, firm, corporation, or other entity, except Assignee, except where notice of such sale of assignment has been given to Assignees.

## 6. COLLECTIONS

All medical services have been rendered and billed by the Assignor. The Assignor has not been paid, and said services are overdue and owing. Assignee shall forthwith assume future collection of said bills and assume all future costs and fees associated with the collection of said debt, including litigation and that may occur. The decision on whether to start collection and/or arbitration proceedings vest solely in Assignees.

It is understood that the bills currently unpaid may or currently are being collected by Assignor's counsel and are currently in various stages of Litigation and Arbitration. Assignor shall fully work with and continue to cooperate with Counsel to continue the Litigation and Arbitration in the same capacity as prior to this Assignment. Assignor hereby expressly agrees and authorizes its counsel to issue payment on the receivables directly to Assignee.

11.1. Assignor, as well as Assignee, each warrant that they are now solvent and will not be rendered insolvent by virtue of this Assignment.

11.2. There are no judgments, security agreements, or liens on record, nor are there any suits pending anywhere against Assignor, of which Assignee has not been notified.

## 12. GOVERNING LAW

This assignment shall be governed by, construed, and enforced in accordance with the laws of the State of New York.

**IN WITNESS WHEREOF** the above assignor has caused this agreement to be executed at _____ on _____.

ASSIGNEE: _____    ASSIGNOR: _____
DLS Billing and Consulting Corp.          Jamaica Wellness Medical, P.C.
By: _____       By: Alexander Haselkorn, M.D.
Title: _____       Title: Principal

State of ~~New York~~ *New Jersey*  )
                                      )    ss.:
County of *Bergen*  )

On the *24* day of *November* in the year 2019, before me, the undersigned notary public, personally appeared ALEXANDER HASELKORN, M.D. personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

*[signature]*
Notary Public

```
JEFFREY P SIROTA
Notary Public - State of New Jersey
My Commission Expires Aug 27, 2023
```