Caption in compliance with D.N.J. LBR 9004-1(b)
NORGAARD O'BOYLE & HANNON
184 Grand Avenue
Englewood, NJ 07631
(201) 871-1333
Attorneys for Plaintiff
By:    Mark E. Norgaard, Esq. (MEN-7407)
       mnorgaard@norgaardfirm.com

|  |  |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY NEWARK VICINAGE |
| ALEXANDER HASELKORN, | Chapter 13 |
|  | Case No. 19-32984 (JKS) |
| Debtor. |  |
|  | Adversary No. 20-01405 (JKS) |
| ALEXANDER HASELKORN, |  |
| Plaintiff; v. | **CERTIFICATION IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE DEFAULT AND DISMISS COMPLAINT** |
| David Safir and DLS Billing and Consulting Corp. |  |
| Defendants. |  |

I, ALEXANDER HASELKORN, certify as follows:

1.    I am the Plaintiff and the Debtor in the above-captioned matter ("Plaintiff" or "Debtor"). As such, I have personal knowledge of the facts contained herein.

2.    Although I find the introduction of any evidence of the criminal proceeding by the Defendants to be highly inappropriate, attached hereto is the Certificate of Disposition Dismissal of the criminal matter in my case (bearing the same Indictment/Case number: 6641/2018) ("Dismissal"). *See* **Exhibit A**. Therein, the Clerk of the Court certified to the

fact that the criminal proceeding was dismissed, and "ALL PENDING CRIMINAL CHARGES RELATED TO THIS ACTION WERE ALSO DISMISSED" by the Court. *Id.* (capitalization original).

3.   The Dismissal further added that the dismissal was pursuant to Section 160.60 of the Criminal Procedure Law. *Id.*

4.   Section 160.60 provides as follows:

Upon the termination of a criminal action or proceeding against a person in favor of such person, as defined in subdivision two of section 160.50 of this chapter, the arrest and prosecution shall be deemed a nullity and the accused shall be restored, in contemplation of law, to the status he occupied before the arrest and prosecution. The arrest or prosecution shall not operate as a disqualification of any person so accused to pursue or engage in any lawful activity, occupation, profession, or calling. **Except where specifically required or permitted by statute or upon specific authorization of a superior court, no such person shall be required to divulge information pertaining to the arrest or prosecution.**

CPL §160.60 (emphasis added).

5.   The criminal matter was dismissed as to me, was "deemed a nullity," and the records were sealed pursuant to New York law.

6.   The only relevant consideration this evidence would have in my bankruptcy matter would be whether or not I am medically fit to sign my own bankruptcy petition. As the Defendants themselves admit, I am fit to proceed in this bankruptcy, and was fit to sign the petition. Therefore, introduction of any evidence regarding the criminal proceedings against me are irrelevant, improper, and represent a flagrant attempt to malign my character.

I certify that the foregoing statements are true. I am aware that if the foregoing statements

are willfully false, I am subject to punishment.

Dated: September 25, 2020

*/s/ Alexander Haselkorn, MD*

Alexander Haselkorn

Exhibit A

Sep 22 20, 10:31a                                                                                  p.3

SUPREME COURT OF THE STATE OF NEW YORK          FEE: $10.00
KINGS COUNTY
320 JAY STREET
BROOKLYN, NY 11201

CERTIFICATE OF DISPOSITION DISMISSAL

DATE: 10/07/2019                    CERTIFICATE OF DISPOSITION NUMBER: 56891

PEOPLE OF THE STATE OF NEW YORK     CASE NUMBER:           06641-2018
              VS.                   LOWER COURT NUMBER(S):
                                    DATE OF ARREST:        11/15/2018
                                    ARREST #:              K18664994
                                    DATE OF BIRTH:         02/06/1940
HASELKORN, ALEXANDER                DATE FILED:            11/01/2018

              DEFENDANT

I HEREBY CERTIFY THAT IT APPEARS FROM AN EXAMINATION OF THE RECORDS
ON FILE IN THIS OFFICE THAT ON 09/25/2019 THE ABOVE ACTION WAS
DISMISSED AND ALL PENDING CRIMINAL CHARGES RELATED TO
THIS ACTION WERE ALSO DISMISSED BY THE HONORABLE  CHUN,D   THEN
A JUDGE OF THIS COURT.

THE DEFENDANT WAS DISCHARGED FROM THE JURISDICTION OF THE COURT.

THE ABOVE MENTIONED DISMISSAL IS A TERMINATION OF THE CRIMINAL
ACTION IN FAVOR OF THE ACCUSED AND PURSUANT TO SECTION 160.60 OF
THE CRIMINAL PROCEDURE LAW "THE ARREST AND PROSECUTION SHALL BE
DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN
CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST
AND PROSECUTION".

PURSUANT TO SECTION 160.50(1C) OF THE CRIMINAL PROCEDURE LAW, ALL
OFFICIAL RECORDS AND PAPERS RELATING TO THIS CASE ARE SEALED.

IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY
OFFICIAL SEAL ON THIS DATE 10/07/2019.

                                         *[signature: Nancy T. Sunshine]*
                                         _____
                                              COURT CLERK

Marijuana convictions under PL 221.05 or PL 221.10 are vacated, dismissed
and expunged as of August 28, 2019. The court system is in the process of
updating its records, but in the meantime, it is an unlawful discriminatory
practice unless specifically required or permitted by statute, for any
entity to make any inquiry about an expunged conviction or to use an
expunged conviction adversely, whether in any form of application or
otherwise, against such individual.

Pursuant to section 70.15 of the Penal Law, any misdemeanor sentence with
a jail term of "1 year", "12 months", or "365 days" is, by operation of
law, deemed to be a sentence of 364 days. Any Certificate of Disposition
indicating a jail sentence of "1 year", "12 months", "52 weeks", or
"365 days" for a misdmeanor conviction shall be interpreted as a sentence
of 364 days.