UNITED STATES BANKKRUPCY COURT
FOR THE DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
In Re:                                                                            Case No. 19-32984-JKS

    Alexander Haselkorn,

                **Debtor,**

-------------------------------------------------------------X   Adversary No. 20-01405-JKS
                                       (Before Hon. John K. Sherwood)

    Alexander Haselkorn,
                **Plaintiff,**
      v.

    **David Safir, DLS Billing and**
    **Consulting Corp**
    **John Does 1-5,**
                  **Defendants.**
-----------------------------------------------------------------X

**Reply Brief in Support of Motion
to Vacate the Default and Dismiss the Complaint**

David Safir and DLS Biling and Consulting Corp, through the undersigned counsel replying to the Response of the Plaintiff Alexander Haselkorn submit as follows:

      Haselkorn digs a standing seeking legitimacy to file the current lawsuit, declaring--"trustee has validly empowered the Debtor to initiate the immediate action via the Consent Order." Response ¶ 40.  However, that in itself is not enough to sustain standing to bring these Chapter 5 actions, §§ 547 and 548 of the Bankruptcy Code. "Congress has authorized narrow exceptions to the general rule that Chapter 13 debtors lack standing to exercise the strong-arm powers of Chapter 13 trustees." *Realty Portfolio, Inc. v. Hamilton (In re Hamilton),* 125 F.3d 292, 297 (5th Cir. 1997). See 11 U.S.C. § 522(h). These powers especially arrogated to the trustee are not alienable, cannot be assigned, for they are not claims—these are duties of the trustee.  So, the debtor is not precluded from exercising them. *Montgomery v. Dennis Joslin Co., II, LLC (In re*

1

*Montgomery),* 262 B.R. 772 (B.A.P. 8th Cir. 2001) (At least to the extent of protecting exemptions under § 522(g) and (h), Chapter 13 debtor has standing to challenge a prepetition foreclosure sale under state law and under the avoidance provisions of Chapter 5 of the Bankruptcy Code.); *In re Grant,* 303 B.R. 205 (Bankr. D. Nev. 2003) (Debtor has standing under § 522(h) to avoid foreclosure sale under § 544, but recorded notice of default defeats § 544 action.); *In re Binghi,* 299 B.R. 300, 302 (Bankr. S.D.N.Y. 2003) ("[T]here are limited exceptions to the trustee's exclusive avoidance powers under Section 522."); *In re Steck,* 298 B.R. 244 (Bankr. D.N.J. 2003) (Debtor has standing under § 522(h) to avoid a judicial lien under § 544 to the extent of the debtor's exemptions; although debtor has standing under § 522(h), complaint is barred by two-year limitations period in § 546(a).) *Ryker v. Current (In re Ryker),* 272 B.R. 602 (Bankr. D.N.J. 2002) (Applying *BFP v. Resolution Trust Corp.,* 511 U.S. 531, 114 S. Ct. 1757, 128 L. Ed. 2d 556 (1994), debtor's complaint to avoid foreclosure sale under § 548 is sustained because inaccurate notice of amount of debt resulted in inadequate sale price.), *rev'd and remanded,* 301 B.R. 156 (D.N.J. 2003) (Bankruptcy court must first determine whether Chapter 13 debtor has standing to avoid foreclosure sale in light of *Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 120 S. Ct. 1942, 147 L. Ed. 2d 1 (2000); debtor's standing denied upon remand, *In re Ryker,* 315 B.R. 664, 674 (Bankr. D.N.J. 2004) (finding Ryker does not have standing, except pursuant to § 522(h), to pursue the § 548 action against the Currents). Standing is not something that is lightly construed, it goes to the heart of article III.

Debtor cannot step into the shoes of the trustee to exercise such powers. It is not chapter 11, it is a chapter 13 case. Chapter 5 powers are not assignable claims they are statutory powers obligating the Trustee, exercised on behalf of the creditors. If the debtors start wresting these powers from the trustee, giving them a cut in the recovery then all debtors who are responsible for

2

such transfers would file such chapter 13 bankruptcies solely to unwind the transactions. Also, further what has happened here is that the trustee has "not transferred ownership of, or title to, their claims" rather granted such assignment to Debtor's attorney "to bring a lawsuit "in its representative capacity." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP,* 549 F.3d 100, 109 (2d Cir. 2008) (denying standing relying on *Sprint Communications Co., L.P. v. APCC Servs., Inc.* 554 U.S. 269 (2008)). It is not acceptable under our established law.

Haselkorn contends that "[t]he Debtor is the sole owner/shareholder of Jamaica. The Debtor's business interests, including his 100% ownership interest in Jamaica, are assets of the Debtor's bankruptcy estate." Response ¶ 50. However, this proposition blurs the distinction between the shareholder and the corporation. The claim belongs to the Jamaica Wellness Medical, P.C.

Haselkorn argues that his indictment along with that of his wife (her confession) should not be considered. That is absurd contrary to the established laws of the circuit:

> As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to pleading. Angelastro, 764 F.2d at 944. However, an exception to the general rule is that a "document integral to or explicitly relied upon in the complaint" may be considered "without converting the motion [to dismiss] into one for summary judgment." Shaw, 82 F.3d at 1220 (emphasis added); see also Trump, 7 F.3d at 368 n. 9 ("a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.") (quoting Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3rd Cir.1993)).
>
> The rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated "[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint." Watterson v. Page, 987 F.2d 1, 3–4 (1st Cir.1993) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2nd Cir.1991)); see also San Leandro, 75 F.3d at 808–09. What the rule seeks to prevent is the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if

3

       the statement were examined in the full context of the document, it would
       be clear that the statement was not fraudulent. See Shaw, 82 F.3d at 1220.

*In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

     Haselkorn claims that in delicto doctrine does not impact him for he is concerned for "innocent creditors."  However, that is not a ticket to give legitimacy to illegal acts. *See American Trade Partners, L.P. v. A–1 International Importing Enterprises, Ltd.,* 770 F. Supp. 273, 276 (E.D.Pa.1991) (under the *in pari delicto* doctrine, "a party is barred from recovering damages if his losses are substantially caused by activities the law forbade him to engage in").  See also, *Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co.,* 267 F.3d 340, 354 (3d Cir. 2001). It is clear that Haselkorn did not practice medicine. His wife did. Presence of innocent creditor is not material it is illegality of Haselkorn's acts that matters:

> The plain language of section 541, however, prevents courts from taking into account events that occur after the commencement of the bankruptcy case. As a result, we must evaluate the *in pari delicto* defense without regard to whether the Committee is an innocent successor. *See Bank of Marin v. England,* 385 U.S. 99, 101, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966) ("The trustee succeeds only to such rights as the bankrupt possessed; and the trustee is subject to all claims and defenses which might have been asserted against the bankruptcy but for the filing of the petition."); *Integrated Solutions, Inc. v. Serv. Support Specialties, Inc.,* 124 F.3d 487, 495 (3d Cir.1997) (stating that it is a "fundamental principle that the estate succeeds only to the nature and the rights of the property interest that the debtor possessed pre-petition").

*Official Comm. of Unsecured Creditors v. R.F. Lafferty & Co., 267* F.3d 340, 357 (3d Cir. 2001). The whole enterprise of the medical practice, even if Haselkorn has not been convicted because of his claimed incompetence, does not provide any legitimacy as his wife by her own admission conducted the medical practice—she is not a doctor and the doctor is medically incompetent.

     As far as the medical records are concerned, the requirement is very necessary, as Haselkorn is walking free today, only because of self-declared incompetence.  We have moved the

state criminal court for the release of the papers as that has an important bearing on this matter. It is an issue now and thus his medical history is central to the consideration of his case.

The other contentions of Haselkorn are meritless. Hence the motion to dismiss the Complaint be dismissed in its entirety.

Dated: October 19, 2020
New York NY

                                        */s/karamvir dahiya*
                                        Karamvir Dahiya
                                    Dahiya Law Offices, LLC
                                   75 Maiden Lane Suite 506
                                      New York NY 10038